IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERESA L. JOINER,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 15-609
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since July 1, 2011. (ECF No. 10-5, p. 2). Administrative Law Judge ("ALJ"), John Kooser, held a hearing on August 28, 2013. (ECF No. 10-2, pp. 32-80). On October 25, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, pp. 12-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Medical Evidence</u>

Plaintiff's first main argument is that the ALJ failed to properly consider the medical evidence. (ECF No. 13, pp. 5-15). The majority of Plaintiff's basis for this argument, however, is centered on the position that there is medical evidence that supports her claim for disability. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

From my reading of Plaintiff's brief, however, I believe Plaintiff is attempting to argue that the ALJ erred in giving little weight to the opinion of her treating psychologist, Dr. Constantino, while giving great weight to the opinions of Drs. Milke and Craig, the state agency doctors. (ECF No. 13, pp. 10-15). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal

3

picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. Plaintiff essentially argues that the reasons given by the ALJ in weighing the opinions of Drs. Constantino, Milke and Craig are not supported by the record. (ECF No. 13, pp. 10-15). In weighing the opinion evidence, the ALJ gave little weight to Dr. Constantino's opinion dated June 2011 because it was conducted for the purpose of a prior disability application and because it predates the alleged disability onset

4

date. (ECF No. 10-2, p. 25). Thus, the ALJ found it was "not persuasive in establishing the claimant's level of functioning during the period relevant to the decision…." (ECF No. 10-2, p. 25). After a review of the record, I find there is substantial evidence of record to support the same. Consequently, I find no error in this regard.

The ALJ gave Dr. Constantino's opinion of July 2013 little weight because it was internally inconsistent with and unsupported by the treatment records, as well as other evidence of record. (ECF No. 10-2, pp. 17-25). I have reviewed the record and reasons the ALJ gave Dr. Constantino's opinion little weight. (ECF No. 10-2, pp. 17-25). I find the reasons given by the ALJ to be appropriate, sufficiently explained and supported by substantial evidence of record. (ECF No. 10-2, pp. 17-25); 20 C.F.R. § 416.927 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ.

In contrast, the ALJ gave great weight to the state agency opinions of Drs. Milke and Craig. (ECF No. 10-2, p. 17-25). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave their opinions great weight because they were consistent with the medical evidence of record. (ECF No. 10-2, pp. 17-25). This is a valid and acceptable reason. *See,* 20 C.F.R. §416.927 (Evaluating Opinion Evidence). After a review of the record, I find the decision of the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 10-2, pp. 17-25). Therefore, I find no error in this regard on the part of the ALJ.

### C. **Plaintiff's Credibility**

Next, Plaintiff argues that the ALJ erred by setting forth "insufficient reasons for rejecting the claimant's testimony as not being totally credible." (ECF No. 13, pp. 15-18). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating,

examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Replete throughout this section, Plaintiff suggests there is evidence to show Plaintiff was credible. (ECF No. 13, pp. 15-18). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above at length. (ECF No. 10-2, pp. 12-25). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to her complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 10-2, pp. 12-25). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

### D. **Vocational Expert**

Plaintiff's final sentence essentially suggests that the ALJ erred by improperly disregarding vocational expert testimony and finding there are jobs that exist in significant

numbers in the national economy that she can perform. (ECF No. 13, p. 18). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record and analysis above, I find there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 10-2, pp. 12-27, 76-79). Thus, I find no error in this regard. Consequently, remand is not warranted on this basis.

    An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERESA L. JOINER,  )
 )
      Plaintiff,  )
 )
-vs-  )    Civil Action No. 15-609
 )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
      Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 19th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                              BY THE COURT:

                                              s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge